IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| In re:<br><br>STEWARD HEALTH CARE SYSTEM LLC, et al.,<br><br>    Debtors.[1] | Chapter 11<br><br>Case No. 24-90213 (CML)<br><br>(Jointly Administered) |
| MARK KRONFELD, AS TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST,<br><br>    Plaintiffs,<br><br>v.<br><br>RALPH DE LA TORRE, MICHAEL CALLUM, JAMES KARAM, MARK RICH, SANJAY SHETTY, STEWARD HEALTH CARE INVESTORS LLC, STEWARD HEALTH CARE INTERNATIONAL S.L., SPARTA HOLDING CO. LLC, MULLET II LTD., MULLET II LLC, 5326 OLD BUENA VISTA ROAD LLC, RDLT-SHCI INVESTOR LLC, TENET HEALTHCARE CORPORATION, AND SEBRIEL LLC<br><br>    Defendants. | Adv. Pro. No. 25-03593 (CML) |

---

[1] A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://restructuring.ra.kroll.com/Steward. The Debtors' service address for these chapter 11 cases is: c/o Steward Health Care System LLC, 2811 McKinney Avenue, Suite 300, Dallas, Texas 75204.

**TRUSTEE OF THE SHC CREDITOR LITIGATION TRUST'S MOTION
FOR LEAVE TO FILE UNDER SEAL**

> If you object to the relief requested, you must respond in writing. Unless otherwise directed by the Court, you must file your response electronically at https://ecf.txsb.uscourts.gov/ within twenty-one days from the date this motion was filed. If you do not have electronic filing privileges, you must file a written objection that is actually received by the clerk within twenty-one days from the date this motion was filed. Otherwise, the Court may treat the pleading as unopposed and grant the relief requested.

Mark Kronfeld, as Litigation Trustee (the "**Litigation Trustee**") of the SHC Creditor Litigation Trust (the "**Litigation Trust**") in the above-captioned Chapter 11 cases (the "**Bankruptcy Case**"), respectfully requests that the Court enter an order authorizing him to file under seal the unredacted version of the amended complaint (the "**Amended Complaint**") in the above-captioned adversary proceeding (the "**Adversary Proceeding**").

**RELIEF REQUESTED**

1. To the extent the Court determines it is warranted, the Litigation Trustee seeks entry of an order substantially in the form attached hereto as Exhibit A authorizing him to file the unredacted version of the Amended Complaint under seal in accordance with the applicable protective orders (ECF Nos. 770; 2511) and the applicable provision of the Litigation Trust Agreement (ECF No. 4966).

**JURISDICTION**

2. This Court has jurisdiction over this Motion under 28 U.S.C. § 1334. This is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and other bases for the relief requested in the Motion are sections 105(a) and 107(b) of title 11 of the United States Code (the "**Bankruptcy Code**"), as

contemplated by Rule 9018 of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**").

## BACKGROUND

4. On May 6, 2024, the Debtors filed voluntary petitions under Chapter 11 of the Bankruptcy Code, instituting the Bankruptcy Case in the Southern District of Texas Bankruptcy Court (the "**Court**"). The U.S. Trustee appointed an official committee of unsecured creditors (the "**Unsecured Creditors Committee**") ten days later. ECF No. 290.

5. The Unsecured Creditors Committee entered into a stipulated protective order with the Debtors and certain secured parties (ECF No. 752) which the Court approved on June 11, 2024 (ECF No. 770). The Unsecured Creditors Committee also entered into a stipulated protective order with Debtors and Cerberus Capital Management, L.P. (ECF No. 2205), which was approved by the Court on September 12, 2024 (ECF No. 2511) (collectively, the "**Protective Orders**").

6. The Protective Orders set forth procedures by which producing parties may designate discovery material as either "Confidential" or "Highly Confidential." The Protective Orders limit publication of designated material. The Protective Orders generally require that documents designated "Confidential" or "Highly Confidential" not be disclosed publicly absent agreement by the producing party or an order of the Court resolving a dispute over designation. *See* ECF No. 2511 at 6–7.

7. On June 2, 2025, the Court entered the *Order Approving Settlement with FILO Secured Parties; (I) Authorizing and Directing Transfer of Assets in Connection Therewith; (III) Authorizing Amendment to FILO DIP Credit Agreement and Continued Use of Cash Collateral; (IV) Granting Adequate Protection; (V) Approving Assumption and Assignment Procedures and Form and Manner of Notice of Assumption and Assignment; and (VI) Granting Related Relief* (the "**FILO Settlement Order**"). ECF No. 5035.

8. The FILO Settlement Order approved the Litigation Trust Agreement in its entirety. ECF No. 5035 at 10. Under the Litigation Trust Agreement, the Litigation Trustee was empowered to "investigate, analyze, monetize, prosecute, recover upon, or settle or compromise the Trust Claims, in each case as necessary or appropriate to serve the best interests of the Trust Beneficiaries collectively." ECF No. 4966 at 23.

9. The Litigation Trust Agreement also states that the Litigation Trustee "[s]hall, and shall ensure that any Trust Professional agrees to, hold confidential and not use for any purpose other than as set forth in this Agreement any non-public information received thereby that relates to the Litigation Trust, the Privileges, the Representative, or the Trust Beneficiaries, unless (a) required by law to disclose such information . . . (b) authorized to disclose such information by the Class A-2 Representative and the Class B Representative in writing or (c) with prior notice to the Trust Beneficiaries, deemed reasonably necessary by the Trustee for the Trustee to perform the Trustee Responsibilities unless either the Class A-2 Representative or the Class B Representative objects." *Id.* at 37.

10. On July 11, 2025, the Debtors filed the Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors (the "**Plan**"). ECF No. 5492.

11. On July 25, 2025, the Court entered the *Findings of Fact, Conclusions of Law, and Order (I) Approving Disclosure Statement on a Final Basis and (II) Confirming Joint Chapter 11 Plan of Liquidation of Steward Health Care System LLC and Its Affiliated Debtors*. ECF No. 5774.

12. The Plan provides that "[t]he Litigation Trustee shall be provided with originals or copies of or access to all documents, business records, and other information of the Debtors necessary, as reasonably determined by the Litigation Trustee, for the disposition of Litigation Trust Assets, subject to the payment of any required fees, costs, or expenses under the Transition Services

Agreement." ECF No. 5774 at 45. The Plan also empowers the Litigation Trustee to "conduct discovery . . . under Bankruptcy Rule 2004 as such rights existed prior to the Litigation Trust Establishment Date." *Id.* at 51.

13. The Litigation Trustee obtained numerous documents that were produced to Debtors under the Protective Orders and were marked as "Confidential" or "Highly Confidential." The Litigation Trustee also obtained many documents that were marked "Confidential" or "Highly Confidential" from third parties pursuant to Bankruptcy Rule 2004.

14. On the date hereof, the Litigation Trustee files this Amended Complaint in this Adversary Proceeding. The Amended Complaint summarizes and quotes from documents producing parties marked as "Confidential." Thus, the Litigation Trustee has concurrently filed this Motion pursuant to Local Rule 9037-1.

## BASIS FOR RELIEF

15. Section 105(a) of the Bankruptcy Code empowers the Court to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 107(b) of the Bankruptcy Code provides bankruptcy courts with the power to issue orders that will protect entities from potential harm that may result from the disclosure of certain confidential information, providing in relevant part that, "[o]n request of a party in interest, the bankruptcy court shall . . . protect an entity with respect to a trade secret or confidential research, development, or commercial information." 11 U.S.C. § 107(b)(1). Likewise, Rule 9018 of the Bankruptcy Rules provides that the court "may make any order which justice requires . . . to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information."

**ARGUMENT**

16. The Litigation Trustee seeks to file the Amended Complaint under seal to the extent the Court determines it is warranted.

17. Some information in the Amended Complaint is protected from disclosure under the Protective Orders. Certain allegations in the Amended Complaint are based on documents that were produced under the Protective Orders and designated "Confidential" or "Highly Confidential" by Cerberus Capital Management, LP ("**Cerberus**") and others. The Litigation Trustee received extensive discovery material produced under the Protective Orders from Debtors that was marked "Confidential" or "Highly Confidential." Moreover, the Litigation Trustee received extensive discovery material marked "Confidential" or "Highly Confidential" from third parties pursuant to Bankruptcy Rule 2004.

18. While the Litigation Trustee is not a named party to those orders, the Litigation Trustee deemed that the most prudent course of action would be to redact information produced under the Protective Orders that was marked "Confidential" or "Highly Confidential." Accordingly, the Litigation Trustee has redacted that information as may be required by the Protective Orders.

19. The Litigation Trustee is, contemporaneously with this motion, filing the redacted Amended Complaint on the public docket of this Adversary Proceeding. The Litigation Trustee has requested that counsel to Defendants in this Adversary Proceeding provide executed copies of Exhibit A of the Protective Orders and has received executed versions from most Defendants. Pursuant to the requirements of the September 12, 2024 Protective Order (ECF No. 2511, at ¶ 9), the Litigation Trustee has also requested that Cerberus provide written consent that the Litigation Trustee may transmit unredacted copies of the Amended Complaint containing information drawn from documents it produced to counsel for Defendants. Once Cerberus has provided its consent,

the Litigation Trustee will immediately transmit unredacted copies of the Amended Complaint to counsel for the Defendants who executed the Protective Orders Exhibit A.

20. The Litigation Trustee respectfully requests the Court permit him to file the unredacted Amended Complaint under seal.

**PRAYER**

WHEREFORE, for the reasons stated above, the Litigation Trustee respectfully requests that the Court grant him leave to file the unredacted Amended Complaint under seal and enter an order in substantially the same form as the Proposed Order attached as Exhibit A, granting the relief requested herein, and such other further relief as the Court may deem just and appropriate.

Dated: November 21, 2025
      Austin, Texas

Respectfully submitted,

By: /s/ *William T. Reid IV*
William T. Reid IV (Texas Bar No. 00788817) (S.D. Tex. Bar No. 17074)
*Attorney-in-Charge*
Jeremy Wells (Texas Bar No. 24098805) (S.D. Tex. Bar No. 3081661)
Dylan Jones (Texas Bar No. 24126834) (*pro hac vice*)
Taylor Lewis (Texas Bar No. 24138317) (*pro hac vice*)
Julia Gokhberg (Texas Bar No. 24144450) (*pro hac vice*)
**REID COLLINS & TSAI LLP**
1301 S Capital of Texas Hwy
Building C, Suite 300
Austin, Texas 78746
Tel: (512) 647-6100
wreid@reidcollins.com
jwells@reidcollins.com
djones@reidcollins.com
tlewis@reidcollins.com
jgokhberg@reidcollins.com

Eric Madden (Texas Bar No. 24013079) (S.D. Tex. Bar No. 29231)

J. Benjamin King (Texas Bar No. 24046217)
(S.D. Tex. Bar No. 605914)
Richard Howell (*pro hac vice*)
**REID COLLINS & TSAI LLP**
Santander Tower
1601 Elm Street, 42nd Floor
Dallas, Texas 75201
Tel: (214) 420-8900
emadden@reidcollins.com
bking@reidcollins.com
rhowell@reidcollins.com

Jeffrey E. Gross (*pro hac vice*)
Yonah Jaffe (*pro hac vice*)
**REID COLLINS & TSAI LLP**
420 Lexington Avenue, Suite 2515
New York, NY 10170
Tel.: (212) 344-5200
jgross@reidcollins.com
yjaffe@reidcollins.com

*Counsel to Mark Kronfeld, as Trustee of the SHC Creditor Litigation Trust*

## CERTIFICATE OF SERVICE

I certify that on November 21, 2025, I caused a copy of the foregoing document to be served by the Electronic Case Filing System for the United States Bankruptcy Court for the Southern District of Texas.

/s/ *William T. Reid IV*
William T. Reid IV